UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re CIM-SQ Transfer Cases** <br><br> Re Case Nos.: 20-6326-EJD, 21-103-HSG, 21-1094-EJD, 21-5351-HSG, 21-5805-BLF, 21-9386-BLF, 21-9581-BLF, 22-cv-22-MMC, 22-150-WHO, 22-186-EJD, and 22-465-EJD. | Case No.  22-mc-80066-WHO <br><br> **ORDER TO SHOW CAUSE IN ADDITIONAL REPRESENTED CASES** |

The cases identified above (the "Additional Represented Cases") have been assigned to me by the Chief Judge of the Northern District of California for the following limited purpose:

1. Determining whether Clark Kelso has quasi-judicial immunity, and if not, some other defenses he has raised such as whether he is a state actor who can be sued under section 1983;

2. Determining whether the defendants have immunity under the Public Readiness And Emergency Preparedness (PREP) Act;

3. Determining whether the defendants are entitled to qualified immunity as a matter of law at the motion to dismiss stage;

4. Determining whether the complaints filed by unrepresented plaintiffs allege adequate detail to state a claim upon which relief can be granted.

*See* Dkt. Nos. 1 (Order of Limited Assignment), 7, 51 ("Assigned Issues").

In an Order dated July 15, 2022 (Dkt. No. 59), I resolved Assigned Issues 2 and 3 in certain other cases where plaintiffs were represented by counsel ("Represented Cases") and where the defendants had a full opportunity to file motions to dismiss and argue grounds for immunity and the plaintiffs had a full opportunity to respond.  In that Order, I explained why – based on materially consistent pleadings and judicially noticeable facts – plaintiffs had adequately pleaded

facts showing that neither PREP Act immunity nor qualified immunity precluded their claims at the motion to dismiss stage.[1]

Defendants in the Additional Represented Cases above are HEREBY ORDERED TO SHOW CAUSE why the same conclusion should not be reached in these additional represented cases.

Defendants may respond to this Order to Show Cause by filing a response on or before **August 5, 2022**, that simply incorporates their prior arguments on Assigned Issues 2 and 3, or that raises wholly new arguments on Assigned Issues 2 or 3 based on unique factual allegations made by a plaintiff in one of the cases identified above. It is not necessary for defendants to reassert the arguments they made in their prior motions to dismiss regarding Assigned Issues 2 and 3. I will consider those argument raised with respect to these Additional Represented Cases.

If defendants file a substantive response on or before August 5, 2022, plaintiffs' counsel may file a response (addressing only the issues raised by defendants) on or before **August 25, 2022**. The matter will then be taken under submission and I will issue an order that is intended to resolve Assigned Issues 2 and 3 with respect to these additional represented cases and to preserve the parties' ability to appeal the resolution of the Assigned Issues.

Finally, in the July 15, 2022 Order, I did not reach Assigned Issue 1 because federal Receiver J. Clark Kelso was not named (or was no longer named) as a defendant in any of those Represented Cases. I recognize that Kelso is still named as a defendant in some of the Represented Cases covered by this OSC: 21-cv-00103-HSG, 21-cv-01094-EJD, 21-cv-09386-BLF, 21-cv-09581-BLF, and 22-cv-00150-WHO. On or before **July 27, 2022**, plaintiffs in those cases shall file a notice either dismissing J. Clark Kelso from each case identified or a statement that he intends to pursue a claim against the federal Receiver.[2] If plaintiff intends to pursue a

---

[1] I explicitly noted that any other issues that were raised or could have been raised in defendants' motion to dismiss with respect to individual plaintiffs were preserved and could be reasserted once the cases were returned to each underlying judge for further proceedings. July 15, 2022 Order at 3 n.5.

[2] In September 2021 in case number 21-cv-00103, then-assigned Judge Illman required plaintiff to respond within fourteen days to "either submit a response in opposition, or a statement of non-opposition regarding Defendant's Kelso's motion to dismiss." Dkt. No. 29. There is no

1  claim against the Receiver, I will issue a briefing schedule to resolve Assigned Issue 1 for those

2  identified represented cases.

3  **IT IS SO ORDERED.**

4  Dated: July 19, 2022



William H. Orrick
United States District Judge

---

evidence that plaintiff filed the required response.  Kelso's then-pending motion to dismiss was terminated as moot by Dkt. No. 43.