Rob Bonta
Attorney General of California
Jeffrey T. Fisher
Supervising Deputy Attorney General
Andrea R. Sloan
Deputy Attorney General
State Bar No. 265421
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7362
  Fax: (916) 324-5205
  E-mail: Andrea.Sloan@doj.ca.gov
*Attorneys for Defendants the California Department of Corrections and Rehabilitation, San Quentin State Prison, R. Broomfield, C. Cryer, R. Davis, R. Diaz, L. Escobell, M. Farooq, S. Garrigan, A. Pachynski, K. Torres, and the Estate of Dr. S. Tharratt*

Stanley R. Apps
Office of Stanley R. Apps, Attorney at Law
4424 Bellingham Avenue
Studio City, CA 91604
(310) 709-3966
stan@appsatlaw.com
*Attorney for Plaintiff Lovell Colvin*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **LOVELL COLVIN,**<br><br>                         Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>                         Defendants. | 5:22-cv-00186-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Judge:      The Honorable P. Casey Pitts<br>Action Filed:  January 10, 2022 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.    JURISDICTION AND SERVICE**

Subject matter jurisdiction over this case is federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343, as Plaintiff alleges claims arising under 42 U.S.C. § 1983. Plaintiff asserts

1

Joint Case Mgmt. Stmt. and [Proposed] Order (5:22-cv-00186-PCP)

state law claims under California Civil Code sections 52 and 52.1. There are no issues regarding venue or personal jurisdiction. Plaintiff served the defendants named in his original complaint.

**2. FACTS**

In May 2020, Defendants transferred inmates from the California Institution for Men (CIM) to San Quentin State Prison (SQSP). Plaintiff alleges that this transfer was done without proper testing during the COVID-19 pandemic, which caused an outbreak at SQSP. Plaintiff further alleges that Defendants failed to properly or adequately protect inmates from contracting COVID-19 at SQSP. Plaintiff alleges he then contracted COVID-19 on or about June 10, 2020 and suffered damages. Plaintiff alleges that Defendants' actions amounted to deliberate indifference to his safety in violation of the Eighth Amendment, among other claims. Defendants dispute these allegations.

**3. LEGAL ISSUES**

The legal issues in this case include the following:

    a. Whether the named Defendants are liable under 42 U.S.C. § 1983 for violating Plaintiff's Eighth Amendment rights by the alleged deliberate indifference to Plaintiff's serious medical needs and safety;

    b. Whether the named Defendants are liable under 42 U.S.C. § 1983 for violating Plaintiff's First Amendment rights;

    c. Whether the named Defendants are liable under 42 U.S.C. § 1983 for violating Plaintiff's Fourteenth Amendment rights;

    d. Whether the named Defendants are liable under 42 U.S.C. § 1983 under the supervisor liability theory;

    e. Whether the named Defendants are liable under California Code of Civil Procedure § 52.1;

    f. Whether the named Defendants are liable under the Rehabilitation Act 29 U.S.C. § 794;

    g. Whether Plaintiff suffered damages that are attributed to the alleged conduct in the Complaint and, if so, the extent of such damages;

2

Joint Case Mgmt. Stmt. and [Proposed] Order (5:22-cv-00186-PCP)

  h. Whether punitive damages should be assessed against the individually named Defendants;

  i. Whether the named Defendants are immune from liability based on qualified immunity or other grounds;

  j. Whether Defendants are immune from liability under Public Readiness and Emergency Preparedness (PREP) Act.

**4. MOTIONS**

In the Court's Order to Show Cause in *In re CIM-SQ Transfer Cases*, N.D. Cal. No. 22-mc-80066-WHO (Dkt. No. 115), the Court ordered defense counsel to show cause why the Court's conclusions reached in a July 15, 2022 Order (Dkt. No. 59) regarding qualified and PREP Act immunity should not be applied in other represented cases, including this case. On December 12, 2022, defense counsel responded to the OSC by standing on and incorporating the arguments made in the dismissal motions covered by the Court's July 15, 2022 Order regarding qualified and PREP Act immunity. (Dkt. No. 123.) On January 6, 2023, the Court adopted the analysis in the July 15, 2022 Order to reject those defenses as if they had been raised in motions to dismiss in this case. (ECF No. 24.) Defendants appealed to the Ninth Circuit, and this matter is presently stayed pending that appeal. (ECF No. 25.)

Depending on the Ninth Circuit's ruling, Defendants may seek further appellate review, in which case the parties may seek to continue the stay. Given the current stay and procedural posture of the case, it is difficult to assess what motions will be filed.

**5. AMENDMENT OF PLEADINGS**

Given the current stay and procedural posture of the case, it is difficult to assess whether either party will seek to amend any pleadings.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant

3

Joint Case Mgmt. Stmt. and [Proposed] Order (5:22-cv-00186-PCP)

to the issues in this action. All parties have been instructed to preserve all evidence concerning Plaintiff and his claims in this lawsuit.

**7.     DISCLOSURES**

Due to the stay in this case, the parties have not participated in a Rule 26(f) conference, and have therefore not made any initial disclosures.

**8.     DISCOVERY**

No discovery has been taken to date, and there are currently no discovery disputes. The parties have not yet discussed the scope of anticipated discovery, any modifications of the discovery rules, or any stipulation regarding electronic discovery. If the case proceeds, the parties expect to propound written discovery (including interrogatories, requests for admission, and requests for production of documents). The parties likewise plan to conduct various depositions in coordination with the other matters currently included within the *In re CIM-SQ Transfer Cases* matter. Given the current procedural posture and stay in effect, the parties do not have any proposed discovery deadlines.

**9.     CLASS ACTIONS**

This case is not a class action.

**10.    RELATED CASES**

There are multiple related cases before this court. The cases are jointly referred to as the *In re CIM-SQ Transfer Cases*, N.D. Cal. Case N. 22-mc-80066-WHO, before United States District Judge William H. Orrick. These cases include: 21-cv-01094-EJD, *Hudson v. Broomfield et al.*; 21-cv-05805-BLF, *Crittenden v. Diaz et al.*; 21-cv-09386-BLF, *Mackey v. Allison etal.*; 21-cv-09581-BLF, *Hamilton v.Allison et al.*; 22-cv-00150-WHO, *Toalepai v. Allison et al.*;22-cv-00465-EJD, *Hamiltonhausey et al v. Broomfield et al*, and others.

**11.    RELIEF**

**Plaintiff's Statement**

Plaintiff seeks declaratory and monetary relief. Plaintiff seeks compensatory and punitive damages from each Defendant in his or her individual capacity, calculated to compensate him for

4

Joint Case Mgmt. Stmt. and [Proposed] Order (5:22-cv-00186-PCP)

his pain and suffering and the denial of his Constitutional rights. Lastly, Plaintiff seeks attorney's fees.

**Defendants' Statement**

Defendants seek judgment in their favor, that Plaintiff take nothing by way of this action, and an award of reasonable attorneys' fees, costs, and any other such relief that the Court deems just. If Plaintiff proves liability in a trial by jury, damages should be calculated by the jury.

**12. SETTLEMENT AND ADR**

Given the procedural posture of the case, ADR is premature.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do <u>not</u> consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**15. NARROWING OF ISSUES**

The parties will try to narrow the triable issues by motions, including summary judgment, and motions *in limine*, as well as stipulations.

**16. EXPEDITED TRIAL PROCEDURE**

This case is not suitable for the Expedited Trial Procedure.

**17. SCHEDULING**

Given the present stay and procedural posture of the case, the parties are unable to propose a schedule.

**18. TRIAL**

The parties demand a jury trial. The parties believe a trial will take 1-2 weeks.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants are exempt from filing a "Certificate of Interested Entities or Persons" required by Civil L.R. 3-15(a). Plaintiff will file his "Certificate of Interested Entities or Persons" required by Civil Local Rule 3-15 when and if the stay is lifted.

5

Joint Case Mgmt. Stmt. and [Proposed] Order (5:22-cv-00186-PCP)

**20.    PROFESSIONAL CONDUCT**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER MATTERS**

Other than *In re CIM-SQ Transfer Cases*, neither Plaintiff nor Defendants are currently aware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

| | |
|---|---|
| Dated: September 6, 2023 | Respectfully submitted, |
| | ROB BONTA<br>Attorney General of California<br>JEFFREY T. FISHER<br>Supervising Deputy Attorney General |
| | ***/s/ Andrea R. Sloan*** |
| | ANDREA R. SLOAN<br>Deputy Attorney General<br>*Attorneys for Defendants* |
| Dated: September 6, 2023 | **/s/ Stanley R. Apps (as authorized on September 6, 2023)** |
| | Stanley R. Apps<br>Law Offices of Stanley R. Apps<br>Attorneys for Plaintiff |

SF2022304421
37481069.docx

6

Joint Case Mgmt. Stmt. and [Proposed] Order (5:22-cv-00186-PCP)

# CASE MANAGEMENT ORDER

The above **INITIAL JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____

P. CASEY PITTS
UNITED STATES MAGISTRATE JUDGE

7

Joint Case Mgmt. Stmt. and [Proposed] Order (5:22-cv-00186-PCP)

# CERTIFICATE OF SERVICE

| Case Name: | **Lovell Colvin (C-51010) v. State of California, et al.** | No. | **5:22-cv-00186-PCP** |
|---|---|---|---|

I hereby certify that on <u>September 7, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 7, 2023</u>, at Sacramento, California.

| **A. Zamora** | */s/ A. Zamora* |
|---|---|
| Declarant | Signature |

SF2022304421
37482561.docx